Howard E. King, Jr., Esq. (SBN 103002)
**Law Offices of Howard E. King**
402 West Broadway, Suite 860
San Diego, CA 92101
Tel:    (619) 236-9883
Fax:    (619) 236-9012

Patrick N. Keegan, Esq. (SBN 167698)
**KEEGAN & BAKER, LLP**
6870 Embarcadero Lane
Carlsbad, California 92011
Te:     (760) 929-9303
Fax:    (760) 929-9260

James P. Frantz, Esq. (SBN 87492)
**FRANTZ LAW GROUP,**
**A Professional Law Corporation**
402 West Broadway, Suite 860
San Diego, California 92101
Tel:    (619) 233-5945
Fax:    (619) 525-7672

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROSEMARY COHORST, CHARMAINE GRIFFITH, and DEIDRE QUENELL, on behalf of themselves and all others similarly situated,<br><br>                    Plaintiffs,<br><br>          vs.<br><br>BRE PROPERTIES, INC., a Maryland corporation; L1 HOLDING, INC., a South Carolina corporation; LEVEL ONE, LLC, a Southern Carolina limited liability company;<br><br>                    Defendants. | Case No. 3:10-cv-2666-JM-BGS<br><br>**DECLARATION OF PATRICK N. KEEGAN IN SUPPORT OF PLAINTIFFS' MOTION FOR APPROVAL OF CLASS ACTION SETTLEMENT**<br><br>Date:   April 26, 2011<br>Time:   12:30 p.m.<br>Place:  Judicate West<br><br>Hon. Herbert B. Hoffman, Ret. |

I, Patrick N. Keegan, declare as follows:

1.      I am an attorney at law duly authorized to practice law in the State of California. I am a member of the law firm of Keegan & Baker, LLP, counsel for Plaintiffs Rosemary Cohorst, Charmaine Griffith, and Deidre Quenell. I have personal knowledge of the following facts and if called upon as a witness I could and would competently testify to the matters stated herein.

2.      This declaration is made in support of Plaintiffs' unopposed motion for preliminary

1    approval of the class action settlement.

2        3.      On or about November 17, 2010, a putative class action Complaint was filed against

3 Level One (erroneously sued as Level One Inc.), L1, BRE, and RealPage in the Superior Court of

4 the State of California, County of San Diego, thereby commencing a civil action entitled *Rosemary*

5 *Cohorst, on behalf of themselves and all others situated v. BRE Properties, Inc., et al.*, Case No. 37-

6 2010-00061964-CU-BT-NC (the "Action"). The Complaint alleged, among other things, that

7 Defendants recorded telephone communications without the knowledge or consent of all of the

8 parties to the telephone communication. The Complaint asserted claims for alleged violations of

9 California Penal Code § 630 *et seq.*; negligence common law invasion of privacy, and California

10 Business & Professions Code § 17200 *et seq.* The Complaint purported to represent a class

11 composed of all persons in California whose inbound or outbound telephone conversations were

12 monitored, recorded, eavesdropped upon and/or wiretapped without their consent by Defendants

13 since November 12, 2006.

14        4.      On or about December 16, 2010, BRE answered the Complaint denying all allegations

15 therein and asserting certain affirmative defenses.

16        5.      On or about December 27, 2010, Level One and L1 removed the Action to the United

17 States District Court for the Southern District of California, Case No. 3:10-cv-02666-JM-BGS.

18        6.      On or about January 4, 2011, Plaintiff Rosemary Cohorst filed a Notice of Voluntary

19 Dismissal of Defendant RealPage, Inc. giving notice pursuant to Federal Rule of Civil Procedure

20 41(a)(1), that Plaintiff Rosemary Cohorst voluntarily dismissed the action, without prejudice, as to

21 Defendant RealPage, Inc. only.

22        7.      On or about March 31, 2011, Plaintiffs filed their First Amended Class Action

23 Complaint.

24        8.      The Parties participated in two sessions of formal mediation supervised by the Hon.

25 Herbert Hoffman (Ret.), and engaged in extensive negotiations. With the assistance of the mediator,

26 the parties were able to reach an agreement in principle and executed a term sheet on February 9,

27 2011 which was subject to confirmatory discovery. As a result, Plaintiffs propounded informal

28 written discovery, took the deposition of a FRCP Rule 30(b)(6) witness of Defendant Level One and

1   reviewed thousands of pages of data and documents before entering into negotiations on the

2   language of the final settlement agreement. A Settlement Agreement and Release dated effective

3   February 9, 2011 (the date of the execution of the term sheet) was ultimately executed by all the

4   parties in late March, 2011.

5         9.     Plaintiffs believe the claims asserted in the Action have merit and that the evidence

6   developed to date supports the claims asserted. However, Plaintiffs' Counsel recognize and

7   acknowledge the uncertainty of prevailing on their claims due to the defenses that have been or could

8   be asserted by the Defendants. Further considerations supporting the decision to enter into the

9   settlement described herein were the expense and length of continued proceedings necessary to

10   prosecute the Action against Defendants through trial and through appeals. Based on their

11   evaluation and the result of the mediations that took place before Hon. Herbert Hoffman (Ret.),

12   Plaintiffs' counsel believes that the settlement set forth in the confers substantial benefits upon

13   Plaintiffs and the Class and is in the best interests of Plaintiffs and the Class.

14        10.    Prior to the settlement, Plaintiffs' Counsel conducted an intensive investigation of

15   Plaintiffs' claims *without receiving any payment for their services or reimbursement of their costs*

16   *incurred for the benefit of the Settlement Class.* Plaintiffs propounded information written discovery

17   on the parties, took the deposition of the FRCP Rule 30(b)(6) witness of Defendant Level One and

18   reviewed thousands of pages of documents.

19        11.    Here, the Parties have entered into a Settlement Agreement and Release dated

20   February 9, 2011 (the "Agreement") that provides, subject to the Court's final approval of the

21   proposed settlement pursuant to Rule 23(e), Defendants will pay $5,500,000.00, within fifteen (15)

22   days of the Effective Date, to a non-interest bearing distribution account held by the third-party

23   claims administrator, ILYM Group, Inc., for the benefit of the Class Members (the "Common

24   Fund"). The Common Fund shall provide all monies necessary for the effectuation of settlement.

25   The Common Fund shall be used to pay all financial consideration to the Class Members who submit

26   valid and timely Claims Forms, the compensation to the Class Representatives, and all attorneys fees

27   awarded to Class Counsel and costs, including but not limited to, costs of notice and costs of

28   administration of the settlement, to effectuate the full and complete release of the claims asserted in

---

1  the First Amended Class Action Complaint.

2       12.    Class Members who become Authorized Claimants shall be paid from the Settlement

3  Fund on a pro rata basis according to the formula set forth below after deduction to the Settlement

4  Fund for the payment of the attorney's fees and costs, and the incentive awards to the named

5  Plaintiffs.

6       13.    Each Authorized Claimant who is a Class Member and who was physically located

7  in California or was residing in California when one or more of his or her calls were handled by any

8  Defendant during the period from November 18, 2009 through February 9, 2011 shall be entitled to

9  a one-time distribution payment from the Settlement Fund which is equal to five (5) times the Base

10  Settlement Unit, up to a maximum amount of $5,000 per Authorized Claimant.

11       14.    Each Authorized Claimant who is a Class Member and was physically located in or

12  while residing in  Connecticut, Florida, Illinois, Maryland, Massachusetts, Michigan, Montana,

13  Nevada, New Hampshire, Pennsylvania, or Washington when one or more of his or her calls were

14  handled by any Defendant from  January 1, 2003 through February 9, 2011  or who was physically

15  located in California or was residing in California when one or more of his or her calls were handled

16  by any Defendant from January 1, 2003 through November 17, 2009, shall be entitled to a one-time

17  distribution payment from the Settlement Amount which is equal to the Base Settlement Unit, up

18  to a maximum amount of $1,000, except that if an Authorized Claimant receives a payment of

19  $5,000, that Authorized Claimant is not entitled to a second payment.

20       15.    The value of the Base Settlement Unit  shall  be calculated as follows: The Claims

21  Administrator shall calculate the Base Settlement Unit by first subtracting from the Settlement Fund

22  all attorneys' fees and costs, as approved by the Court, subtracting incentive awards to Class

23  Representatives, as approved by the Court, and subtracting the cost of notice and claims

24  administration paid to the Claims Administrator, as approved by the Court, and then dividing that

25  remaining Settlement Amount  by the sum of five times the number of Authorized Claimants who

26  are Class Members and who made or received calls handled by any Defendants while the Authorized

27  Claimant was physically located in or residing in California during the period starting on November

28  18, 2009 (one year before the commencement of this action) and ending on February 9, 2011 (this

---

number is referred to as "X" in the formula stated below), plus (a) the number of Authorized Claimants who are Class Members and who made or received calls handled by any Defendants while the Authorized Claimant was physically located in Connecticut, Florida, Illinois, Maryland, Massachusetts, Michigan, Montana, Nevada, New Hampshire, Pennsylvania, or Washington from January 1, 2003 to February 9, 2011 (this number is referred to as "Y1" in the formula stated below) and (b) the number of Authorized Claimants who are Class Members and who made or received calls handled by any Defendants while the Authorized Claimant was physically located in California before November 18, 2009 (this number is referred to as "Y2" in the formula stated below) as represented in the following formula:   Settlement Amount

$$\text{Base Settlement Unit} = \frac{\text{Settlement Amount}}{(5*X) + Y1 + Y2}$$

11.    Plaintiffs contend that the only way the claims of the named Plaintiffs diverge in any way from the claims of the class is to the extent the named Plaintiffs' claims are subject to the larger measure of statutory damages available under the California Penal Code than the laws of the other so-called two-party consent states.  Under California Penal Code section 637.2, a plaintiff is entitled to the greater of $5,000 or three times actual damages for violations of the underlying prohibition. Four of the two-party consent states (Connecticut, Illinois, Michigan, and Montana) do not have any similar minimum damage threshold for violations of their prohibitions on unconsented to recording. In the other seven two-party consent states that have statutes addressing the measure of damages (Florida, Maryland, Massachusetts, Nevada, New Hampshire, Pennsylvania and Washington), all of them have minimum damages amounts measured in terms of $1,000 or $100 per day of violation.

12.    Regarding the manner of distributing notice to the class, Plaintiffs' proposed methods used to give notice to the members of the Class are extensive and well within precedent.  Plaintiffs propose that a combination of methods be utilized to give to the Class members, *i.e.* by e-mail and publication.  First, the parties propose to give notice by e-mail of the Class Notice and Proof of Claim Form (attached hereto as Exhibits "A" and "B," respectfully).  The Parties have identified a significant number of members of the Class by name and telephone number.  They have compiled approximately 1.1 million e-mail addresses for Class members from the records of Level One.  The Parties seek to give notice to these same email addresses that the Class members originally used to

correspond with Level One.  Since the Parties are not in possession of the Class members' mailing addresses, making email notification particularly necessary and proper in the present case.  Level One will provide to the Claims Administrator all such e-mail addresses Level One has in its possession for persons who may be Class Members.  Therefore, the Parties propose sending a copy of the Class Notice and Claim Form to a subset of potential Class Members by e-mail.  The e-mails will bear a phrase in the subject heading that is in bold type, and that attracts attention and sufficiently describes the importance of the legal notice and class action settlement.

13.     Second, in addition to the e-mail dissemination of the Class Notice and Proof of Claim Form, the parties also propose publishing the Short Form Notice, (attached hereto as Exhibit C), nationally in the USA Today on three different days.  The proposed Short Form Notice, to be published in a black and white in a 1/6 of a page size advertisement, includes the web address of the Claims Administrator's website, where the Claim Form can be obtained, or accessed, filled out, and submitted by the members of the Class.  It is believed that such a published summary notice will have the broadest reach to inform those members of the Settlement Class.

14.     Third, the Parties propose to give notice by publication of both the Class Notice and Proof of Claim Form, (attached hereto as Exhibits "A" and "B," respectfully), on an Internet website to allow Class Members to obtain a copy of the Proof of Claim Form and information about the settlement to Class Members until September 8, 2011, the last day upon which Class Members may make a claim.

15.     The Parties also requests that the Court authorize ILYM Group, Inc. (the "Claims Administrator") to supervise and administer the notice procedure as set out in detail in the proposed Order.  ILYM Group, Inc. is experience in and has been previously appoint by other courts in this state to supervise and administer class notice programs similar to the notice procedure as set out in detail in the proposed Order.

16.     I was admitted to the California Bar in 1993.  I received my Bachelor of Arts degree in Political Science from California State University, Long Beach in 1989 and my Juris Doctor degree from California Western School of Law in 1993. From 1993 through 2002, I was an associate of Krause & Kalfayan, a firm specializing in antitrust, consumer, and securities fraud class action

litigation. In 2003, I became a founding member of Keegan & Baker, LLP (formally Keegan, Macaluso & Baker, LLP) a San Diego-based law firm with a concentration in complex civil litigation in the areas of antitrust, consumer fraud, employment, corporate, partnership, real estate, and securities law.

17.     Throughout my career, I have specialized in complex commercial and class action litigation. I have been involved in every stage of class action litigation. In connection with these prior class actions, I have conducted discovery, argued motions, drafted pleadings, drafted class notices, examined witnesses, represented class members at settlement conferences, deposed defendants and third party witnesses, defended class representative depositions and participated in final disposition hearings. I have also tried class action cases. In 2003, I, acted as co-lead counsel and co-trial counsel, in an class action entitled *Jason A. Park v. Cytodyne Technologies, Inc.*, Case No. GIC 768364, [2003 WL 21283814], California Superior Court, San Diego County, (Judge Ronald L. Styn), asserting claims under the Unfair Competition Laws (Business and Professions Code §§ 17200 and 17500) and obtained a total judgment of $18,080,742.14 in restitution, attorneys' fees and costs, and additional prohibitive injunctive relief on behalf of the certified class after a 7 week trial.

18.     For example, I have acted as lead or co-lead counsel on behalf of a plaintiff class resulting in significant recoveries in the following cases:

(1)     *Frank Stanndard, et al. v. Southern California Edison Company*, Case No. 97-CV-1116 TW (JAH), United States District Court, Southern District of California (Judge Thomas Whelan) (sealed settlement reached on behalf of an opt-in class of employees in an action asserting violations of FLSA in 2010).

(2)     *In re LivHome, Inc. Wage and Hour Cases*, JCCP 4570, San Diego Superior Court, Central Division (Judge Jeffrey B. Barton)(represented employees of LivHome in the position of Caregiver in an action asserting violations of the California Labor Code and the Unfair Competition Laws (Section 17200 of the Business and Professions Code), and obtained a settlement which provided 1,019 claimants *with a net recovery of 100%* of the value of their claims in 2010).

(3)     *Nancy Fogelstrom, et al. v. Tween Brands, Inc.*, Lead Case No. 37-2008-00060767-CU-BT-NC, San Diego Superior Court, North County Division (Judge Robert P. Dahlquist) (settlement for violations of California privacy laws for the benefit of over 3 million consumers in the form of cash vouchers and injunctive relief that will restrain the future conduct of Defendant in 2010).

(4)     *Ann Baskall, et al. v. KFC U.S. Properties, Inc.*, Case No. 37-2007-00084348-CU-OE-CTL, San Diego Superior Court, Central District (Judge Steven R. Denton) (represented

employees of KFC in an action asserting violations of California Labor Code and the Unfair Competition Laws (Section 17200 of the Business and Professions Code), and obtained a claims-made settlement of $4.75 million for 1,963 class members in 2009)

(5)     *Michael Piscitelli, et al. v. Winn & Sims, APC*, Case No. 37-2007-00056054-CU-BT-NC, San Diego Superior Court, North County Division (Judge William S. Dato) (settlement for $838,365 for violations of the TCPA and injunctive relief that will restrain the future conduct of Defendant in 2009).

(6)     *Griselda Patterson, et al. v. Best American Hospitality, Inc.*, Case No. BC377173, Los Angeles Superior Court (Judge Charles F. Palmer) (represented employees of Best American Hospitality, Inc. in an action asserting violations of California Labor Code and the Unfair Competition Laws (Section 17200 of the Business and Professions Code), and obtained a claims-made settlement of $2.5 million for 4,626 class members in 2009).

(7)     *Fontenette, et al. v. Certified Tire & Service Centers, Inc.*, Case No. GIC881509, San Diego Superior Court, Central Division (Judge Yuri Hofmann) (represented employees of Certified Tire & Service Centers, Inc. in an action asserting violations of California Labor Code and the Unfair Competition Laws (Section 17200 of the Business and Professions Code), and obtained a claims-made settlement of $1.6 million for 459 class members in 2009).

(8)     *Kritz, et al. v. Fluid Components, Inc., et al.*, Case No. GIN057142, San Diego Superior Court, North County Division, (Judge Robert P. Dahlquist) (represented employees of Fluid Components Inc. in an action asserting violations of California Labor Code and the Unfair Competition Laws (Section 17200 of the Business and Professions Code), and obtained a claims-made settlement of $1.6 million for 156 class members in 2008).

(9)     *Darren Pedersen v. Ford Motor Company*, Case No. GIC821797, Superior Court for the State of California, San Diego County, (Judge Jeffrey B. Barton) (represented a class of persons who purchased or leased a new model year 2000 or 2001 Ford F-150 truck equipped with either the Class III Trailer Towing Group option or the Heavy-Duty Electrical/Cooling Group option and not equipped with the 7700 lbs Payload Group option from Ford Motor Company directly or through one of its authorized dealerships), and obtained a settlement of (1) a cash award of approximately $100 per Class Vehicle; or (2) reimbursement for prior out-of-pocket or notice period radiator replacements for nearly 100,000 class members in 2007).

(10)     *Wathik Sabri, et al. v. GMAC Mortgage Corporation*, Case No. 03CC00423, California Superior Court, Orange County, (Judge Richard L. Bauer) (represented employees of GMAC Mortgage (dba DiTech.com) in an action asserting violations of California Labor Code and the Unfair Competition Laws (Section 17200 of the Business and Professions Code), and obtained a claims-made settlement of $5 million to class members in 2006).

(11)     *Malek v. Blue Cross of California*, Case No. BC271992, California Superior Court, Los Angeles County, (Judge Anthony J. Mohr) (settlement of $5 million on behalf of the class of insureds in California governmental health care plans and prohibitive injunctive relief in 2005).

(12)     *Jean Hargis v. Metabolife International, Inc.*, Case No. GIC797521, California Superior Court, San Diego County, (Judge John S. Meyer) (settlement of an uncapped monetary recovery on behalf of the class of every purchaser of Metabolife's ephedrine products over 4 year period and prohibitive injunctive relief in 2005).

(13)     *Gordon v. Reliant Energy Inc. et al.*, Case No. 00-CV-2525 BTM(RBB), U.S. District Court, Southern District of California, (Judge Barry Ted Moskowitz) antitrust case

(settlement with one electricity market participant for $150 million in cash consideration in 2002).

(14)   *National Metals, Inc. v. Sumitomo Corporation, et al.*, Case No. GIC734001, *Heliotrope General, Inc., et al. v. Sumitomo, et al.*, Case Nos. 701679 and 701680, California Superior Court, San Diego County, (Judge J. Michael Bollman) ($15.75 million settlement in 2002).

(15)   *Jorge Reinoza v. Syntrax Innovations, Inc. et al.*, Case No. GIC757535, California Superior Court, San Diego County, (Judge Patricia Cowett) (case settled for settlement value of $1.58 million in 2002).

(16)   *In re Alliance Equipment Leasing Securities Litigation*, Master File No. 98-CV-2150-J(CJA), United States District Court, Southern District of California (Judge Napoleon Jones) ($2 million partial settlement in 2001).

(17)   *In re Alliance North American Government Income Trust Securities Litigation*, Master File No. 95-CV-0330 (LMM), United States District Court, Southern District of New York (case settled for settlement value of $14 million in 2000).

(18)   *Miller, et al. v. NTN Communications, et al.*, Case No. 97-CV-1116 TW (JAH), United States District Court, Southern District of California (Judge Thomas Whelan) (case settled for $3.25 million in 2000).

(19)   *Heliotrope General, Inc., et al. v. Sumitomo, et al.*, Case Nos. 701679 and 701680, California Superior Court, San Diego County (Judge J. Michael Bollman) (case settled for $43.5 million in 1999).

(20)   *Schaefer v. Overland Express Variable Rate Fund*, Case No. 95-CV-0314-B (CM), United States District Court, Southern District of California (Judge Rudi Brewster) (case settled for $7 million in 1997).

(21)   *Hahn v. Investors Trust*, Case No. 94-1455-B (POR), United States District Court, Southern District of California (Judge Rudi Brewster) (case settled for $7.2 million in 1996).

(22)   *Strang v. JHM Mortgage Sec. L.P.*, Case No. 94-20542 (JW), United States District Court, Eastern District of Virginia (case settled for $1.15 million in 1995).

(23)   *In re IDM Litigation*, Case Nos. 677095, 677097, BC 121902, BC 121903, 677093, 677096, California Superior Court, San Diego County (Judge Robert Baxley) (settlements of $5.2 million on behalf of 1,300 investors in 1995).

(24)   *In re Coin Cases*, Case Nos. BC 109176, BC 109250 BC 109409, BC 109612, BC 109269, California Superior Court, Los Angeles County (cases against Merrill Lynch settled for $37 million in 1994).

19.    Attached to this declaration are true and correct copies of the following documents:

Exhibit A:     Long Form Notice of Pendency of Class Action and of Proposed Settlement;

Exhibit B:     Short Form Notice of Pendency of Class Action and of Proposed Settlement; and

Exhibit C:     Proof of Claim Form.

1       I declare under penalty of perjury under that the foregoing is true and correct and this

2   declaration is executed this 22nd day of April, 2011 in Carlsbad, California.

3

4                                      /s/ Patrick N. Keegan

                                     Patrick N. Keegan, Esq.

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

EXHIBIT A

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROSEMARY COHORST, CHARMAINE GRIFFITH, and DEIDRE QUENELL, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>BRE PROPERTIES, INC., Maryland corporation; L1 HOLDINGS, INC., a South Carolina limited liability company; LEVEL ONE, LLC, a South Carolina corporation;<br><br>Defendants. | Case No. 3:10-cv-2666-JM-BGS<br><br>**NOTICE OF PENDENCY OF CLASS ACTION AND OF PROPOSED SETTLEMENT** |

To:    ALL PERSONS (I) WHO, WHILE PHYSICALLY LOCATED IN OR WHILE RESIDING IN CALIFORNIA, CONNECTICUT, FLORIDA, ILLINOIS, MARYLAND, MASSACHUSETTS, MICHIGAN, MONTANA, NEVADA, NEW HAMPSHIRE, PENNSYLVANIA, OR WASHINGTON, MADE OR RECEIVED TELEPHONE CALL(S) THAT WERE HANDLED BY DEFENDANTS; AND (II) WHO DID NOT RECEIVE NOTICE THAT THEIR TELEPHONE CALL(S) WERE BEING RECORDED OR MONITORED (THE "SETTLEMENT CLASS") AT ANY TIME FROM JANUARY 1, 2003 THROUGH FEBRUARY 9, 2011 (THE "SETTLEMENT CLASS PERIOD").

*A Court authorized this notice. This is not a solicitation from a lawyer.*

- On November 17, 2010, a class action lawsuit was filed alleging, among other things, that Defendants BRE Properties, Inc., L1 Holdings, Inc., and Level One, LLC recorded telephone communications without the knowledge or consent of all of the parties to the telephone communication.

- The claims of the Settlement Class have been settled. The Court has preliminarily approved the settlement.

- If you qualify as a Settlement Class member, you could receive money from the settlement.

- Your legal rights are affected whether you act or do not act. Read this notice carefully.

EXHIBIT A

## YOUR LEGAL RIGHTS AND OPTIONS IN THIS LAWSUIT

| | |
|---|---|
| RETURN THE CLAIM FORM | The only way to receive payment from the settlement.  By returning a claim form, you will give up any rights to sue Defendants BRE Properties, Inc., L1Holdings, Inc.,  Level One, LLC, RealPage, Inc., RP Newco LLC, and other Released Parties for the same claims. |
| DO NOTHING | You WILL NOT receive a payment from the settlement and you will give up any rights to sue Defendants BRE Properties, Inc., L1Holdings, Inc.,  Level One, LLC, RealPage, Inc., RP Newco LLC, and other Released Parties for the same claims. |
| ASK TO BE EXCLUDED | Receive no payment from the settlement and retain all rights you may have against Defendants BRE Properties, Inc., L1Holdings, Inc.,  Level One, LLC, RealPage, Inc., RP Newco LLC, and other Released Parties. |
| FILE OBJECTION | Write the Court about why you do not like the settlement.  The Court may or may not agree with your objection. |
| GO TO A HEARING | Ask to speak in Court about the fairness of the settlement. |

- Your rights and options – and the deadlines to exercise them – are explained in this notice.

- The Court in charge of this case still has to decide whether to grant final approval to  the settlement.  Payments will be made only if the Court approves the settlement.

**Questions?  Read this Entire Notice.**

## WHAT THIS NOTICE CONTAINS

**BASIC INFORMATION**........................................................................................................... 3

1. Why did I get this notice package? ........................................................................................ 3

2. What is this lawsuit about? ..................................................................................................... 3

3. Why is this a class action? ..................................................................................................... 4

4. Why is there a settlement? ..................................................................................................... 4

**WHO IS IN THE SETTLEMENT** .......................................................................................... 4

5. How do I know if I am part of the settlement? ....................................................................... 4

**THE SETTLEMENT BENEFITS - WHAT YOU GET**........................................................... 5

6. What does the settlement provide? ............................................................................... 5

7. What can I get from the settlement? ............................................................................. 5

**HOW YOU GET A PAYMENT - SUBMITTING A CLAIM FORM** ................................. 6

8. How can I get a payment? ............................................................................................... 6

9. How do I submit a claim form to receive payment? ...................................................... 6

10. When would I get my payment? .................................................................................... 6

11. What rights do I give up if I participate? ..................................................................... 6

12. How do I exclude myself from the settlement? ............................................................ 7

13. How do I object to the settlement and appear at the hearing? ..................................... 7

14. When is the final settlement and approval hearing? .................................................... 8

15. How do I get additional information? ........................................................................... 9

## BASIC INFORMATION

### 1. WHY DID I GET THIS NOTICE PACKAGE?

The records of Defendants BRE Properties, Inc.; L1Holdings, Inc.; and Level One, LLC (hereinafter collectively referred to as "Defendants") indicate that you may have made or received telephone calls that were handled by Defendants and that you may have not received notice that your telephone call or callswere being recorded or monitored during the time period from January 1, 2003 through February 9, 2011.

The Court caused this notice to be sent to you because you have a right to know about the proposed settlement and about your options relating to this settlement before the Court decides whether to approve the settlement. If the Court approves the settlement and after objections, if any, are resolved, an administrator appointed by the Court will make the payments that the settlement allows.

This notice explains the lawsuit, the settlement, your legal rights, what benefits are available, who is eligible for them, and how to get them.

The Court in charge of the case is the United States District Court for the Southern District of California, and the case is known as *Rosemary Cohorst, et al. v. BRE Properties, Inc., et al.,* Case No. 3:10-cv-2666-JM-BGS. The persons who sued (Rosemary Cohorst, Charmaine Griffith, and Deidre Quenell) are called Plaintiffs, and the companies sued (BRE Properties, Inc., L1 Holdings, Inc., and Level One, LLC) are called Defendants.

### 2. WHAT IS THIS LAWSUIT ABOUT?

EXHIBIT A

On November 17, 2010, a class action lawsuit was filed by Plaintiff Rosemary Cohorst in San Diego Superior Court, entitled *Rosemary Cohorst, et al. vs. BRE Properties, Inc., et al.,* Case No. 37-2010-00061964-CU-BT-NC, alleging that Defendants BRE Properties, Inc., L1 Holdings, Inc., and Level One, LLC recorded telephone communications without the knowledge or consent of all of the parties to the telephone communication. On December 27, 2010, Defendants L1 Holdings, Inc., and Level One, LLC removed the case to the United States District Court, Southern District of California, (Case No. 3:10-cv-02666-JM-BGS), and on March 31, 2011, Plaintiffs Rosemary Cohorst, Charmaine Griffith, and Deidre Quenell filed an amended complaint on behalf of all persons (i) who, while physically located in or while residing in California, Connecticut, Florida, Illinois, Maryland, Massachusetts, Michigan, Montana, Nevada, New Hampshire, Pennsylvania, or Washington, made or received telephone calls that were handled by Defendants; and (ii) who did not receive notice that their telephone conference was being recorded or monitored (the "Settlement Class") at any time from January 1, 2003 through February 9, 2011 (the "Settlement Class Period"). Plaintiffs alleged that Defendants BRE Properties, Inc., L1 Holdings, Inc., and Level One, LLC recorded, monitored and/or eavesdropped on the telephone communications without the knowledge or consent of all of the parties to the telephone communication. Defendants deny and continue to deny each and every contention made by Plaintiffs in this case.

## 3. WHY IS THIS A CLASS ACTION?

In a class action, one or more people, called Class Representatives (in this case Rosemary Cohorst, Charmaine Griffith, and Deidre Quenell), sued on behalf of people who may have similar claims. All these people are a Settlement Class or Settlement Class Members. One court resolves the issues of all Settlement Class Members, except for those who exclude themselves from the Settlement Class. United States District Court Judge, Jeffrey T. Miller is in charge of this class action.

On April 29, 2011, the Court preliminarily approved the settlement and certified a settlement class defined as all persons (i) who, while physically located in or while residing in California, Connecticut, Florida, Illinois, Maryland, Massachusetts, Michigan, Montana, Nevada, New Hampshire, Pennsylvania, or Washington, made or received telephone calls that were handled by Defendants; and (ii) who did not receive notice that their telephone calls were being recorded or monitored (the "Settlement Class") at any time from January 1, 2003 through February 9, 2011 (the "Settlement Class Period"). In addition, the Court in its April 29, 2011 order appointed Plaintiffs Rosemary Cohorst, Charmaine Griffith, and Deidre Quenell as the Settlement Class Representatives, and approved the law firms of Keegan & Baker, LLP, Frantz Law Group, APLC, and the Law Offices of Howard E. King, to serve as Settlement Class Counsel.

## 4. WHY IS THERE A SETTLEMENT?

The Court did not decide in favor of Plaintiffs or Defendants. Instead, after a thorough investigation into the facts of this lawsuit, both sides agreed to a settlement. The class claims were settled because class counsel and the Class Representatives believe that the amount of the settlement is fair and reasonable in light of the strength of the claims, defenses, and other factors. With this settlement, both sides avoid the cost of trial, and the people who submit a claim form will get a settlement payment. The Plaintiffs and their attorneys think the settlement is in the best interest of the Settlement Class Members.

### WHO IS IN THE SETTLEMENT

To see if you will get money from this settlement, you first have to decide if you are a Settlement Class Member.

## 5. HOW DO I KNOW IF I AM PART OF THE SETTLEMENT?

The United States District Court decided that everyone who fits this description is a Settlement Class Member: all persons (i) who, while physically located in or while residing in California, Connecticut, Florida, Illinois, Maryland, Massachusetts, Michigan, Montana, Nevada, New Hampshire, Pennsylvania, or Washington, made or received telephone calls regarding residential rental properties that were handled by Defendants; and (ii) who did not receive notice that their telephone conference was being recorded or monitored (the "Settlement Class") at any time from January 1, 2003 through February 9, 2011 (the "Settlement Class Period"). Plaintiffs allege that Defendants BRE Properties, Inc., L1 Holdings, Inc., and Level One, LLC recorded, monitored and/or eavesdropped on the telephone communications without the knowledge or consent of all of the parties to the telephone communication. A list of the rental properties for which Defendants handled telephone calls during the Settlement Class Period can be found at www. -----------.com (the "Properties"). If you made or received phone calls regarding the Properties, you may be a Settlement Class Member.

### THE SETTLEMENT BENEFITS – WHAT YOU GET

## 6. WHAT DOES THE SETTLEMENT PROVIDE?

Defendant Level One, LLC and its insurers, on behalf of Level One, LLC, L1 Holdings, Inc., BRE Properties, Inc., and other Released Parties have agreed to pay a Common Fund in the amount of $5,500,000 ("Settlement Fund"). The Settlement Fund shall be allocated among these elements: (a) pro rata payments to Settlement Class Members who become Authorized Claimants; (b) the Fees and Cost Awards to Settlement Class Counsel, in an amount approved by the court, not to exceed thirty percent of the Settlement Fund for attorneys' fees (*i.e.*, $1,650,000) and the reimbursement of the reasonable costs advanced or incurred in the course of this litigation including claims administration costs; and (c) Incentive Awards to Plaintiffs Rosemary Cohorst, Charmaine Griffith, and Deidre Quenell, in an amount approved by the court not to exceed $5,000 per Plaintiff (for a total of $15,000).

## 7. WHAT CAN I GET FROM THE SETTLEMENT?

Settlement Class Members who become Authorized Claimants shall be paid from the Settlement Fund on a pro rata basis according to the formula set forth below after deduction to the Settlement Fund for the payment of the attorney's fees and costs, and the incentive awards to the named plaintiffs.

Each Authorized Claimant who is a Settlement Class Member and who was physically located in California or was residing in California when one or more of his or her calls were handled by any Defendant during the period from November 18, 2009 through November 18, 2010 shall be entitled to a one-time distribution payment from the Settlement Fund which is equal to five (5) times the Base Settlement Unit, up to a maximum amount of $5,000 per Authorized Claimant. Each Authorized Claimant who is a Settlement Class Member and was physically located in or while residing in Connecticut, Florida, Illinois, Maryland, Massachusetts, Michigan, Montana, Nevada, New Hampshire,

EXHIBIT A

Pennsylvania, or Washington when one or more of his or calls were handled by any Defendants or who is a Settlement Class Member and was physically located in or while residing in California when one or more of his or her calls were handled by any Defendants from either January 1, 2003 through November 18, 2010 , shall be entitled to a one-time distribution payment from the Settlement Fund which is equal to the Base Settlement Unit, up to a maximum amount of $1,000, per Authorized Claimant, except that if an Authorized Claimant receives a payment of $5,000, that Authorized Claimant is not entitled to a second payment.

The value of the Base Settlement Unit shall be calculated as follows: The Claims Administrator shall calculate the Base Settlement Unit by first subtracting from the Settlement Fund all attorneys' fees and costs, as approved by the Court, subtracting incentive awards to Class Representatives, as approved by the Court, and subtracting the cost of notice and claims administration paid to the Claims Administrator, as approved by the Court, and then dividing that remaining Settlement Amount by the sum of five times the number of Authorized Claimants who are Settlement Class Members and who made or received calls handled by any Defendants while the Authorized Claimant was physically located in or residing in California during the period starting on November 18,2009 (one year before the commencement of this action) and ending on February 9, 2011 (this number is referred to as "X" in the formula stated below), plus (a) the number of Authorized Claimants who are Settlement Class Members and who made or received calls handled by any Defendants while the Authorized Claimant was physically located in Connecticut, Florida, Illinois, Maryland, Massachusetts, Michigan, Montana, Nevada, New Hampshire, Pennsylvania, or Washington from January 1, 2003 to February 9, 2011 (this number is referred to as "Y1" in the formula stated below) and (b) the number of Authorized Claimants who are Settlement Class Members and who made or received calls handled by any Defendants while the Authorized Claimant was physically located in California before November 18, 2009 (this number is referred to as "Y2" in the formula stated below) as represented in the following formula:

$$\text{Base Settlement Unit} = \frac{\text{Settlement Amount}}{(5 * X) + Y_1 + Y_2}$$

---

## 8. HOW CAN I GET PAYMENT?

---

### HOW YOU GET A PAYMENT – SUBMITTING A CLAIM FORM

To qualify for payment, you must deliver a claim form to the Claims Administrator. A claim form can be found at www. _____.com and is also attached to this Notice. Read the instructions carefully, completely fill out the Proof of Claim Form, sign it, and submit it electronically or have it sent by **U.S. Mail** postmarked no later than **September 8, 2011** to *Rosemary Cohorst, et al. v. BRE Properties, Inc., et al.*, c/o ILYM GROUP, 1851 E 1st Street, Suite 900, Santa Ana, CA 92705 or via **fax** to 1-888-845-6185 no later than **September 8, 2011** or via **email** to _____@ilym.com no later than **September 8, 2011**. If you do nothing or fail to timely and properly return the claim form, you will receive nothing.

## 9. HOW DO I SUBMIT A CLAIM FORM TO RECEIVE PAYMENT?

If you wish to submit a claim, you must complete and sign the Proof of Claim Form enclosed with this Notice under penalty or perjury and submit it electronically at www._____.com or have it sent by **U.S. Mail** postmarked no later than **September 8, 2011** to *Rosemary Cohorst, et al. v. BRE Properties, Inc., et al.,* c/o ILYM GROUP, 1851 E 1st Street, Suite 900, Santa Ana, CA 92705 or via **fax** to 1-888-845-6185 no later than **September 8, 2011** or via **email** to _____@ilym.com.

The Proof of Claim Form must be electronically submitted or postmarked by no later than September 8, 2011 [ninety (90) calendar days within the Notice Date], (the "Claims Deadline"). Any Claim Form that is submitted or returned to the Claims Administrator after the Claim Deadline will not be accepted or processed. **If you have any questions, you can contact the Claims Administrator by** visiting the Internet web site at www._____.com; sending an email to _____@ilym.com; or by calling 800-_____, or by writing to: *Rosemary Cohorst, et al. v. BRE Properties, Inc., et al.,* c/o ILYM Group, Inc., P.O. Box [####], 1851 E. 1st Street, Suite 900, Santa Ana, CA 92705. If you lose, misplace, or need another Proof of Claim Form, you may contact the Claims Administrator listed above.

## 10. WHEN WOULD I GET MY PAYMENT?

The Court is scheduled to hold a fairness hearing on **September 8, 2011** at **1:30 p.m.,** in Courtroom 16 of the United States District Court for the Southern District of California, located at 940 Front Street, San Diego, California 92101, to decide whether to approve the settlement. If the settlement is approved on that date, payments are anticipated to be sent out 90 days thereafter. However, there could be an unexpected and substantial delay. If the Settlement is not approved by the Court or does not become final for some other reason, the litigation will continue.

## 11. WHAT RIGHTS DO I GIVE UP IF I PARTICIPATE?

Unless you exclude yourself, you are staying in the Settlement Class, and that means that you can't sue, continue to sue, or be part of any other lawsuit about the legal issues in *this* case. It also means that all of the Court's orders will apply to you and legally bind you. Unless you exclude yourself, you will agree to a "Release of Claims," as described below, which describes exactly the legal claims that you give up if you do not exclude yourself.

Unless you timely exclude yourself from the settlement, you will release or give up the following claims and/or rights.

As of the Effective Date, the Settlement Class Members, including the Settlement Class Representatives, who have not validly and timely excluded themselves from the Settlement, in exchange for the payment of the Common Fund by Defendant Level One, LLC and its insurers as set forth in the Settlement Agreement, for themselves, and their respective heirs, assigns, successors, agents, attorneys, executors, and representatives, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, irrevocably, and forever released Level One, LLC L1, Holdings, Inc., BRE Properties, Inc., RealPage, Inc., RP Newco LLC and, whether or not specifically named herein, each of these entities' past or present directors, officers, employees, agents, insurers, shareholders, attorneys, advisors, consultants,

EXHIBIT A

representatives, partners, affiliates, related companies, parents, subsidiaries, joint ventures, independent contractors, wholesales, resellers, distributors, retailers, clients, divisions, advertisers or advertising entities, predecessors, successors, and assigns (collectively, the "Released Parties"), from any and all liabilities, claims, cause of action, damages, costs, attorneys' fees, losses, or demands, whether known or unknown, existing or suspected or unsuspected, which were or could have been asserted in the Action, and any and all claims relating to or arising out of recording, monitoring, eavesdropping or publication of the content of the telephone calls made to or received from Level One or BRE at any time between January 1, 2003 and February 9, 2011 arising out of the institution, prosecution, assertion, settlement or resolution of the Action (collectively, the "Released Claims") only upon Defendants' completion of their performance requirements for payment of the Common Fund required by the terms of the Settlement Agreement. The Released Claims include, but are not limited to, claims which were or could have been asserted alleging violation of statutory law prohibiting the monitoring or recording of telephonic conversations without the consent of all parties, including but not limited to, Title III, 18 U.S.C. § 2511, California Penal Code § 630 *et seq.*; Connecticut Gen. Stat. Ann. § 52-570d (a) *et seq.*; Florida FSA § 934.10 *et seq.*; Illinois 720 ILS 5/14-2(a), *et seq.*; Maryland Code Ann., Courts and Judicial Proceedings § 10-410 *et seq.*; Massachusetts MGLA 272 § 99 *et seq.*, Michigan Mich. Comp. Laws section 750.539h, *et. seq.*; Montana Code Ann. section 45-8-213c *et seq.*; Nevada Rev. Stat. §§ 220.620, 220.690 & 48.077; New Hampshire Rev. Stat. Ann. § 570-A:2 (1-a) and A:11; Pennsylvania 18 PA. C.S.A. § 5725, *et seq.*; and Washington Rev. Code Ann. § 9.73.030 (1)(a); and all other similar statutes prohibiting the unannounced monitoring and/or recording of calls under federal law and within the states enumerated above under the statutes cited. The Released Claims also include, but are not limited to, claims under any other statute, code rule or regulation of the states of California, Connecticut, Florida, Illinois, Maryland, Massachusetts, Michigan, Montana, Nevada, New Hampshire, Pennsylvania, or Washington, which claims are predicated on the alleged monitoring and/or recording of calls without notice and/or consent, including but not limited to, California Business & Professions Code § 17200 *et seq.* The Released Claims also include, but are not limited to, common law claims arising from the monitoring or recording of telephone communications, including but not limited to, common law invasion of privacy or intrusion and negligence. As of the Effective Date, the Settlement Class Members, including the Settlement Class Representatives, who have not validly and timely excluded themselves from the Settlement, in exchange for the payment of the Common Fund by Defendant Level One, LLC and its insurers as set forth in the Settlement Agreement, agree and waive, in respect and limited to their Released Claims, any and all provisions, rights and benefits, which they now have or in the future may have to them conferred by section 1542 of the California Civil Code ("Section 1542") or any comparable statutory or common law provision of the states of Connecticut, Florida, Illinois, Maryland, Massachusetts, Michigan, Montana, Nevada, New Hampshire, Pennsylvania, or Washington only upon Defendants' completion of their performance requirements for payment of the Common Fund required by the terms of the Settlement Agreement. Section 1542 provides as follows:

> Certain Claims Not Affected by General Release: A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his settlement with the debtor.

Settlement Class Representatives for themselves and each member of the Settlement Class, expressly acknowledge that, to the full extent permitted by law, they are waiving the protection of Section 1542 and any comparable statutory or common law provision of any other jurisdiction.

## 12. HOW DO I EXCLUDE MYSELF FROM THE SETTLEMENT?

If you fall within the definition of the Settlement Class, you may, upon request, be excluded from the Settlement Class by submitting a written request for exclusion such that it is postmarked no later than **August 9, 2011** to: *Rosemary Cohorst, et al. v. BRE Properties, Inc., et al.*, c/o ILYM GROUP, 1851 E 1st Street, Suite 900, Santa Ana, CA 92705.

Such request for exclusion shall clearly indicate that the sender requests to be excluded from the Settlement Class and the name, address, telephone number of the person requesting exclusion. The request for exclusion shall not be effective unless all of the above information is included, and unless the request for exclusion is made within the time stated above; provided, however, that the Court may, in its discretion, choose to permit exclusion if the request substantially complies with the above requirements. All persons who submit valid and timely Requests for Exclusions in the manner set forth in this paragraph shall have no rights under the Agreement, shall not receive any Settlement Fund proceeds, and shall not be bound by the Agreement or the Final Judgment. If you do not file a timely and valid written request for exclusion, you will be included in the Settlement Class, and bound by the terms of the Settlement, including the Release of Claims described above, whether or not you filed a Proof of Claim Form and/or objected to the Settlement.

## 13. HOW DO I OBJECT TO THE SETTLEMENT AND APPEAR AT THE HEARING?

Any Member of the Settlement Class may appear and show cause, if he or she has any, why the proposed settlement of the litigation should or should not be approved as fair, just, reasonable and adequate, or why a Judgment should or should not be entered, or why attorneys' fees and expenses should or should not be awarded to Settlement Class Counsel; provided, however, that no Settlement Class Member shall be heard or entitled to contest the approval of the terms and conditions of the proposed settlement, or, if approved, the Judgment to be entered approving the same, or the attorneys' fees and expenses to be awarded to Settlement Class Counsel unless that person has delivered a written objection and a notice of intention to appear, and copies of any papers and brief such that they are received on or before **August 9, 2011** to the following:

To Settlement Class Counsel:

Patrick N. Keegan, Esq.
KEEGAN & BAKER, LLP
6870 Embarcadero Lane
Carlsbad, CA 92011

James P. Frantz, Esq.
FRANTZ LAW GROUP, APLC
402 West Broadway, Suite 860
San Diego, CA 92101

Howard E. King., Jr.
Law Offices of Howard E. King

EXHIBIT A

402 West Broadway, Suite 860
San Diego, CA 92101

To Defendants' Counsel:

Jon Kardassakis, Esq.
LEWIS BRISBOIS BISGAARD & SMITH, LLP
221 N. Figueroa St., Suite 1200
Los Angeles, CA 90012

Tim J. Vanden Heuvel, Esq.
LEWIS BRISBOIS BISGAARD & SMITH, LLP
701 B Street, Suite 1900
San Diego, CA  92101

Sheldon Eisenberg, Esq.
Drinker Biddle & Reath LLP
1800 Century Park East, Suite 1400, Los Angeles, CA 90067
John Nadolenco, Esq.
Bronwyn F. Pollock, Esq.
Evan Michael Wooten, Esq.
MAYER BROWN, LLP
350 South Grand Avenue, Suite 2500
Los Angeles, CA  90071

Said objections, papers and briefs must be also be filed with the Clerk of the Court, United States District Court for the Southern District of California, 880 Front Street, Suite 4290, San Diego, California 92101, on or before **August 9, 2011**.  Any written objections shall state each specific objection and any legal support for each objection.  The objection must also state the Settlement Class Member's full name, address, and telephone number to be valid and effective; any objections to approval of the settlement must be filed with the Clerk of the Court and properly served upon all of the above-listed attorneys.  Any Member of the Settlement Class who does not make his or her objection in the manner provided shall be deemed to have waived such objection and forever shall be foreclosed from making any objection to the fairness, justness, reasonableness or adequacy of the proposed settlement, and to the award of attorneys' fees and expenses to Settlement Class Counsel, unless otherwise ordered by the Court.  If the Court rejects your objection and approves the Settlement, you will still be bound by the terms of the Settlement. If the Court approves the Settlement despite any objection, and you have not timely delivered a Proof of Claim Form, you will not receive any settlement proceeds.

---

## 14. WHEN IS THE FINAL SETTLEMENT AND APPROVAL HEARING?

The Court is scheduled to hold a fairness hearing on **September 8, 2011** at **1:30 p.m.**, in Courtroom 16 of the United States for the Southern District of California, 940 Front Street, San Diego, California 92101 or such other date as the Court may authorize, to determine whether the Settlement is fair, reasonable, and adequate; and if there are objections, the Court will consider them.  The Court will also be asked to approve Settlement Class Counsel's requests for attorneys' fees and reimbursement of costs and expenses and the incentive award paid to the Plaintiffs and the amounts to be paid to the Claims Administrator.

Settlement Class Counsel's application for attorneys' fees and costs and the incentive award paid to the Plaintiffs will be on file with the Court no later than **August 25, 2011** and will be available for review after that date. The hearing may be continued without further notice to the Settlement Class.

## 15. HOW DO I GET ADDITIONAL INFORMATION?

The above is a summary of the basic terms of the Settlement. For the precise terms and conditions of the Settlement, you should consult the detailed "Settlement Agreement and Release," which is on file with the Clerk of the Court. The pleadings and other records in this litigation, including the Settlement Agreement, may be examined at any time during regular business hours at the Office of the Clerk of the United States District Court for the Southern District of California, 880 Front Street, Suite 4290, San Diego, California 92101.

**If you have any questions, you can contact the Claims Administrator
at 1-000-000-0000 or www.[address].com**

**PLEASE DO NOT TELEPHONE THE COURT OR THE OFFICE OF THE CLERK FOR
INFORMATION REGARDING THIS SETTLEMENT OF THE CLAIM PROCESS.**

Dated: _____

By Order of Hon. Jeffrey T. Miller
Judge of the United States District Court
for the Southern District of California

EXHIBIT A

EXHIBIT B

**YOUR RIGHTS MAY BE AFFECTED**
**BY A PROPOSED SETTLEMENT DESCRIBED BELOW**

There is pending a class action in the United States District Court, Southern District of California, (entitled Rosemary Cohorst, et al. v. BRE Properties, Inc., et al.) Case No. 3:10-cv-02666-JM-BGS, brought on behalf of all persons (i) who, while physically located in or while residing in California, Connecticut, Florida, Illinois, Maryland, Massachusetts, Michigan, Montana, Nevada, New Hampshire, Pennsylvania, or Washington, made or received telephone calls regarding residential rental property that were handled by Defendants; and (ii) who did not receive notice that their telephone conference was being recorded or monitored (the "Settlement Class") at any time from January 1, 2003 through February 9, 2011 (the "Settlement Class Period"). Plaintiffs have alleged that Defendants BRE Properties, Inc., L1 Holding, LLC, and Level Once, LLC recorded or monitored telephone communications without the knowledge or consent of all of the parties to the telephone communication. Defendants deny these allegations.

A settlement has been reached between the parties in the action which would require Defendant Level One, LLC and its insurers, on behalf of Level One, LLC, L1 Holding, Inc., BRE Properties, Inc. and other Released Parties to pay a common fund in the amount of $5,500,000 ("Settlement Fund") from which class members would be entitled to receive a cash payment on a pro rated basis according to the formula set forth below after deduction to the Settlement Fund for the attorney's fees and costs, and the incentive awards to the named plaintiffs.

Each Authorized Claimant who is a Class Member and who was physically located in California or was residing in California when one or more of his or her calls were handled by any Defendant during the period from November 18, 2009 through February 9, 2011 shall be entitled to a one-time single distribution payment from the Settlement Fund which is equal to five (5) times the Base Settlement Unit, up to a maximum amount of $5,000. Each Authorized Claimant who is a Class Member and was physically located in or while residing in Connecticut, Florida, Illinois, Maryland, Massachusetts, Michigan, Montana, Nevada, New Hampshire, Pennsylvania, or Washington when one or more of his or her call(s) were handled by any Defendant from January 1, 2003 to February 9, 2011 or who is a Class Member and was physically located in or while residing in California when one or more of his or her calls were handled by any defendants from January 1, 2003 through November 17, 2009, shall be entitled to a one-time single distribution payment from the Settlement Fund which is equal to the Base Settlement Unit, up to a maximum amount of $1,000, per Authorized Claimant, except that if an Authorized Claimant receives a payment of five times the Base Settlement Unit, that Authorized Claimant is not entitled to a second payment of one Base Settlement Unit.

A hearing of final approval of the proposed settlement is set for a hearing will be held on September 8, 2011, at 1:30 p.m before the Honorable Jeffrey T. Miller, in Courtroom 16 of the

EXHIBIT B

United States District Court for the Southern District of California, located at 940 Front Street, San Diego, California 92101.

IF YOU ARE A MEMBER OF THE SETTLEMENT CLASS, YOU CAN SHARE IN THE SETTLEMENT, PROVIDED YOU SUBMIT A TIMELY AND VALID PROOF OF CLAIM ON OR BEFORE SEPTEMBER 8, 2011. IF THE SETTLEMENT IS APPROVED, YOU WILL BE BOUND BY THE TERMS OF THE SETTLEMENT AND RELEASE, UNLESS YOU EXCLUDE YOURSELF FROM THE CLASS ON OR BEFORE AUGUST 9, 2011. IF YOU DO NOT SUBMIT A VALID AND TIMELY REQUEST FOR EXCLUSION, YOU WILL BE BOUND BY THE PROVISIONS OF THE SETTLEMENT AGREEMENT AND ANY JUDGMENT ENTERED WITH RESPECT TO THE SETTLEMENT IN THE ACTION WHERE OR NOT YOU FILE A PROOF OF CLAIM. Any class member who does not request exclusion, may if the member so desires, enter an appearance through counsel.

In order to determine if you are a Class Member and to learn more about your potential rights, as well as a description of the litigation, all relevant dates, detailed information about the proposed settlement, and how to make a claim, you should visit the Internet website at www._____.com; send an email to _____@ilym.com; call 800-_____, or write to Rosemary Cohorst, et al. v. BRE Properties, Inc., et al., c/o ILYM Group, Inc., P.O. Box [####], Irvine, California [#####].

EXHIBIT B

EXHIBIT C

**ROSEMARY COHORST, et al. v. BRE PROPERTIES, INC., et al.**
U.S. District Court Case No. 3:10-cv-2666-JM-BGS

## PROOF OF CLAIM FORM

### A.   CLAIMANT  IDENTIFICATION:

Name/Address Changes:

«SEQ» « RECID»
«FIRST_NAME» «LAST_NAME»
«ADDR1»
«ADDR2»
«CITY» «ST» «ZIP»

(____  ___) ____ - ___ ___ ___
Residence Telephone Number

IN ORDER FOR YOUR CLAIM TO BE VALID, YOU MUST COMPLETE THIS PROOF OF CLAIM FORM, SIGN UNDER PENALTY OF PERJURY, AND RETURN THE FORM ELECTRONICALLY OR POSTMARKED NO LATER THAN **[SEPTEMBER 8, 2011 (WITHIN 90 CALENDAR DAYS OF NOTICE DATE)]** TO:

**ROSEMARY COHORST, et al. v. BRE PROPERTIES, INC., et al.**
**c/o ILYM Group, Inc.**
**ADDRESS**
**ADDRESS**
Phone: 1-000-000-0000
Email: _____@_____
Website: www.--------.com

You may submit this Proof of Claim Form electronically by email or on the website above.  If you submit this Proof of Claim Form by mail, do not use a postage meter as that may result in a postmark not appearing on the envelope containing the Proof of Claim Form.

EXHIBIT C

**B.     CLASS MEMBER INFORMATION**

1.          Were you physically located in or residing in  California, Connecticut, Florida, Illinois, Maryland, Massachusetts, Michigan, Montana, Nevada, New Hampshire, Pennsylvania, or Washington, and made or received telephone calls that were handled by Level One, LLC ("Level One"), L1 Holdings, Inc. ("L1"), or BRE Properties, Inc. ("BRE") between January 1, 2003 and February 9, 2011?

☐ YES

☐ NO

2.     If your answer to #1 above is "yes," please insert the telephone number on which you made or received telephone calls that were handled by Level One, L1, or BRE between January 1, 2003 and February 9, 2011: (____) ____-_____

3.     If your answer to #1 above is "yes," please insert the state you were physically located in or residing in: _____.

**C.      SUBMISSION TO JURISDICTION OF COURT**

      I have received the Notice of Settlement.  I submit this Proof of Claim Form under the terms of the Proposed Settlement described in the Notice of Settlement.  I also submit to the jurisdiction of the United States District Court, Southern District of California with respect to my claim as a Class Member and for purposes of enforcing the release of claims stated in the Settlement Agreement and Release ("Settlement Agreement").  The full and precise terms of the proposed Settlement are contained in the Settlement Agreement filed with the Court.  I further acknowledge that I am bound by the terms of any judgment that may be entered in this class action.

**D.     DECLARATION UNDER PENALTY OF PERJURY:**

      I declare under penalty of perjury under the laws of the State of California that the foregoing information is true and accurate.

Executed this day of _____, _____, at _____, _____.
                        [month]              [year]              [city]              [state]

_____
Signature of Claimant

Name (Print): _____
                   Last                    First                    Middle

**Reminder check list:**
1.      Sign and date directly above.

      EXHIBIT C

2.      Keep a copy for your records.

3.      Send Proof of Claim Form electronically (by email or on the website) or by U.S. Mail postmarked no later than [September 8, 2011], to:

**ROSEMARY COHORST, et al. v. BRE PROPERTIES, INC., et al.**
**c/o ILYM Group, Inc.**
**ADDRESS**
**ADDRESS**
Phone: 1-000-000-0000
Email: _____@_____
Website: www.--------.com

EXHIBIT C