# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROSEMARY COHORST, CHARMAINE GRIFFITH, and DEIDRE QUENELL on behalf of themselves and all others similarly situated,<br><br>                              Plaintiffs,<br><br>    vs.<br><br>BRE PROPERTIES, INC.; L1 HOLDING, INC; LEVEL ONE, LLC; and REAL PAGE, INC.,<br><br>                              Defendants. | CASE NO. 10cv2666 JM(BGS)<br><br>ORDER ADOPTING REPORT AND RECOMMENDATION, AS MODIFIED, RE: APPROVAL OF FINAL SETTLEMENT; DENYING IN PART AND GRANTING IN PART OBJECTIONS |

On November 11, 2011, Special Master Judge Herbert B. Hoffman, Judge of the California Superior Court (Ret.) entered a Report and Recommendation pursuant to Federal Rule of Civil Procedure 53 recommending (1) the denial of the Objections to the final class action settlement, (2) the approval of the final settlement on the merits, and (3) the award of attorney's fees, costs, and class representative incentive awards ("R & R"). Objectors Yanique Dias and Gilliane Graber, represented by the firm of Chapin Fitzgerald Sullivan & Bottini LLP, object to the class action settlement as does Objector Susan Kreidler, represented by the firm of Kiesel Boucher Larson LLP. Defendants Level One, LLC and L1 Holdings, Inc. (collectively "Level One") and Defendant BRE Properties, Inc. ("BRE") oppose the Objections.  Plaintiff Rosemary Cohorst and the class also oppose the Objections. Having carefully considered the R & R, the Objections and responses, the court record,

1  the transcripts of the hearings conducted before Judge Hoffman on September 29, 2011 and October
2  7, 2011, and the arguments of counsel, the court denies in part and grants in part the Objections and
3  adopts the R & R in its entirety, as modified below.

## DISCUSSION

As the R &R thoroughly and thoughtfully analyzed the arguments of the Objectors, the court adopts the R & R as if fully set forth herein.

**Legal Standards**

Special Master

Objections to the findings and legal conclusions of the Special Master are reviewed de novo. Fed.R.Civ.P. 53(f).

Class Action Settlement

In order to approve a class action settlement, the court must "determine whether [the] class action settlement is fundamentally fair, adequate, and reasonable." Hanlon v. Chrysler Corp, 150 F.3d 1011, 1026 (9th Cir. 1998). To determine the overall fairness of the settlement, the court examines the settlement as a whole, rather than the individual components of the settlement. Id.

> Assessing a settlement proposal requires the district court to balance a number of factors: (1) the strength of the plaintiffs' case; (2) the risk, expense, complexity, and likely duration of further litigation; (3) the risk of maintaining class action status throughout the trial; (4) the amount offered in settlement; (5) the extent of discovery completed and the stage of the proceedings; (6) the experience and views of counsel; (7) the presence of a governmental participant; and (8) the reaction of the class members to the proposed settlement.

Id. This is not an exhaustive list of considerations relevant to approving a class action settlement. Id.

**The Objections**

The Notice

At the outset the court notes that Objectors raise two distinct sets of issues related to Notice. First, Objectors challenge the adequacy of the contents of the Notice itself. Objectors argue that the Notice could have used less confusing, or additional, language in the Notice (i.e. the Notice states that the class consists of persons who had calls "handled" by Level One but the notice arguably should have identified the class as consisting of individuals who "made [or] received calls from Defendants;" greater detail should have been provided to describe Level One's involvement in recording

conversations (Dias' Objections)). On May 6, 2011, the court granted preliminary approval of the settlement and approved the class Notice. (Ct. Dkt. 26). At that time, Objectors raised no objection to the contents of the Notice. The court declines to reconsider that issue now because Objectors fail to identify any newly discovered evidence, intervening change in law, or manifest injustice warranting reconsideration. See School Dist. N. 1J Multnomah Cty. v. ACandS, Inc., 5 F.3d 1255, 1262 (9th Cir. 1993). Accordingly, the court does not revisit these notice related issues[1].

Second, in light of the amount of claims received (1338), in relation to the quantity of potential class members (over 1.1 million), Objectors challenge the means used to provide notice to Class Members. Specifically, Objectors contend that the notice provided to the class is inadequate because (1) not all class members received notice, (2) notice was not physically mailed to the last known postal addresses of about 15,500 potential Class Members, (3) the dedicated website is confusing, and (4) notice could have been provided to potential Class Members by placing fliers in common areas of the apartment complexes owned by BRE. These Objections were directly addressed in the R & R and, except as noted below, the court denies the Objections for the reasons set forth herein and in the R & R.

A notice of settlement provided to class members must be the "best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." Fed.R.CIv.P. 23(c)(2)(B). The hallmark of an adequate notice is reasonableness. Eisen v. Carlisle & Jacquelin, 417 U.S. 156, 165 (1974).

Objectors contend that there are 2.6 million class members but only about 1.2 million individuals received notice by e-mail. This argument misconstrues the nature of the class. The figure of 2.6 million does not refer to the number of Class Members, but to the number of potential contacts for the Class Members. For example, an individual who placed a call from work and provided a home and mobile phone number to Level One for contact purposes would account for three unique phone numbers even though the individual constitutes a single Class Member. (Level One Oppo. at p.6 n.3). While the court could not locate the precise number of potential Class Members in the record, they

---

[1] Even if the court were to reach the merits of this argument, Objectors would not prevail. The technical challenges raised do not undermine the adequacy of the Notice provided to the class. (Ct. Dkt. 25, ¶6).

number in excess of 1 million. The Claims Administrator provided individual notice to over 1.1 million potential class members via three email distributions resulting in a 95.25% receipt rate, constructive notice by publication in USA Today, and a dedicated website. (R & R Exh. 1). Providing Class Members with individual notice via email complies with the notice requirements of Rule 23(c)(2)(B). Accordingly, the court denies this Objection[2].

Objectors also contend that notice should have been provided via the United States Postal Service. The record reveals that Level One is in possession of only 32,000 postal addresses. Of those 32,000, about 16,500 received email notice. The R & R concluded that mail service to the remaining 15,500 potential Class Members (for which no email or other contact information was ever provided to Level One) would not be reasonable and would delay payment to class members who have already filed a claim. The R & R also noted that the physical mail addresses pertain to a highly transitory class and "would almost certainly be outdated or invalid for a class going back to 2003." (R & R at p.13:9-10). Upon review of the record, the court cannot conclude that direct mail would have appreciably increased the response rate to the Notice, although the court has serious doubts that the response rate would be elevated beyond a de minimus status. Due process, at a minimum, requires that absent class members be provided with direct notice where it is practicable and reasonable to do so under the circumstances. Eisen, 417 U.S. at 165. At the time of oral argument, the parties represented that the cost to provide direct mail notice to each of the 15,500 class members is less than $1.50 per class member. The court concludes that the costs of providing notice to this relatively small group are outweighed by potential benefits - the provision of individual notice to identifiable class members and the potential payment of compensation to injured Class Members. In sum, the court concludes that the 15,500 class members who did not receive direct email service must be provided with mail service.

Class Counsel and Claims Administrator are instructed to provide direct mail notice to each of the 15,500 addresses on record. These class members must be provided with at least 45 days' notice, from the date of mailing, in which to file a claim or objections. Prior to mailing the notice,

---

[2] Objectors also contend that the posting of handbills on BRE's properties would likely have resulted in better notice to the Class. As discussed in the R & R, the posting of handbills would not likely increase the response rate to the Notice. (R & R at p.10:6-20).

Plaintiffs' counsel is instructed to contact chambers to obtain a hearing date for a final approval hearing for this identifiable sub-class. The court will only consider objections from this identifiable sub-class of plaintiffs.

Lastly, in relation to the final approval hearing for the 15,500 sub-class members, the Claims Administrator is instructed to provide the parties and the court with a final report no later than one week prior to the scheduled final approval hearing date.

In sum, the court denies the Objections except as they relate to the mail notice to be provided to the 15,500 sub-class members.

<u>Adequacy of the Settlement</u>

In determining whether a settlement is fair, the court considers the factors identified in <u>Hanlon</u>, 150 F.3d 1011. In large part, Objectors contend that the settlement is unfair because the parties agreed (1) to a "clear sailing" agreement; (2) that any unused settlement funds would revert to Defendants; (3) that California residents would receive a two-tier payment scheme based upon when the telephone call was recorded; (4) that Level One would only have to comply with the law for one year; (5) to settle the action without first conducting formal discovery; and (6) to settle the action as a consequence of a reverse auction. The court denies Objectors' challenge to the adequacy of the settlement for the reasons set forth in the R & R.

With respect to the "clear sailing" agreement, the court notes that class action settlements frequently provide that the defendants will not object to the plaintiff's request for attorney's fees and costs. Such a provision is neither unconscionable nor unfair because Class Members are free to challenge any fee award, as Objectors have done here. Second, it is extremely unlikely that there will be any reversion of funds to Defendants because the amount of claims exceed the settlement amount. Third, all California residents will receive the same payment, contrary to Objectors' assertions. Fourth, as noted in the R & R, the duration of the injunction is not a meaningful issue in light of Level One ceasing operations of its South Carolina call center. (R & R at p.14:2-13). Fifth, after reaching settlement of Plaintiffs' claims before a neutral mediator, Plaintiffs engaged in confirmatory discovery. As Objectors fail to identify how the discovery conducted by Plaintiffs was insufficient to support the claims asserted in this action, the court adopts the analysis set forth in the R & R, including the

1  rejection of Objectors' discovery requests. ( R & R at pp.14:14 - 16:16).  Finally, with respect to
2  Objectors' reverse auction argument, the court rejects this argument for the reasons set forth in its
3  order denying the motion to intervene.³  (Ct. Dkt. 44).

In sum, the court denies the Objections raised to the adequacy of the settlement.

<u>The Award of Costs and Fees</u>

Objectors argue that the fees and costs recommended by the Special Master are excessive and inadequately supported.  For the reasons set forth in the R & R, the court concludes that the award of costs and fees is reasonable under the circumstances, as discussed below. <u>See</u> <u>In Re Washington Pub. Power Supply Sys. Sec. Litig.</u>, 19 F.3d 1291, 1300 (9th Cir. 1994); <u>Blum v. Stenson</u>, 465 U.S. 886, 900 (1984).  Rather than respond to virtually the same arguments raised by Objectors and thoroughly addressed in the R & R, the court incorporates the analysis set forth in the R & R.  (R & R pp. 30:8 - 36:16).

While the court finds the total award of attorney's fees (28% of the settlement fund, or $1.54 million, the "Fee Award") and costs reasonable, such a Fee Award is premised upon the conclusion of these proceedings.   In other words, all costs and fees associated with the provision of additional notice, or any additional potential cost or fee, such as an award of attorney's fees and costs to Objectors' counsel or incentive awards to named Plaintiffs, shall be paid from the common Fee Award, and not from the common settlement fund.  In sum, the court adopts the R & R as modified herein and denies the Objections.

**Miscellaneous Matters**

The court is informed that the Claims Administrator has received some twenty or so late-filed claims.  In the event that the only defect with these claims is their late receipt, the Claims Administrator is instructed to compensate these late-filed claims on the same basis and terms as other class members.

At the time of oral argument, counsel for Objectors Dias and Graber raised several objections,

---

³ The court notes that Objectors fail to identify any newly discovered evidence, intervening change in law, or manifest injustice arising from this earlier order denying the motion to intervene. Consequently, the court declines to reconsider that order. <u>See</u> <u>School Dist. N. 1J Multnomah Cty. v. ACandS, Inc.</u>, 5 F.3d 1255, 1262 (9th Cir. 1993).

including the apparent failure of the Claims Administrator to adequately process the claims of her clients.  As the status (and arguments) of these Objectors is unclear, the court grants to only these two Objectors a period of 10 days from the date of entry of this order to submit a claim to the Claims Administrator.  In the event that the only defect relates to the timeliness of the Objectors' claims, the Claims Administrator is instructed to compensate these late-filed claims on the same basis and terms as other class members.

**Conclusion**

In sum, the court denies in part and grants in part the Objections to the R & R and adopts the R & R in its entirety, as modified herein by (1) requiring mail notice to 15,500 potential sub-class members and (2) awarding fees and costs.  The court also instructs Class Counsel to contact chambers for a continued final hearing approval date prior to mailing notice to the potential class members.  The Claims Administrator is instructed to provide all parties and the court with a final report on all claims, distributions, and objections at least one week prior to the continued final approval hearing date.

**IT IS SO ORDERED.**

DATED:  January 18, 2012

_____
Hon. Jeffrey T. Miller
United States District Judge

cc:           All parties