# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROSEMARY COHORST, CHARMAINE GRIFFITH, and DEIDRE QUENELL on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>BRE PROPERTIES, INC.; L1 HOLDING, INC; LEVEL ONE, LLC; and REAL PAGE, INC.,<br><br>Defendants. | CASE NO. 10cv2666 JM(BGS)<br><br>ORDER DENYING GRABER'S MOTION FOR ATTORNEY'S FEES; GRANTING KREIDLER'S MOTION FOR ATTORNEY'S FEES |

Counsel for Objectors Yanique Dias and Gilliane Graber ("Graber") move for an award of attorney's fees and costs in the amount of $145,000. Counsel for Objector Susan Kreidler ("Kreidler") moves for an award of attorney's fees and costs in the amount of $1,067,826.30. Plaintiffs oppose both motions. Pursuant to Local Rule 7.1(d)(1), the matters presented are appropriate for decision without oral argument. For the reasons set forth below, the court denies Graber's motion for attorney's fees and grants Kreidler's motion for attorney's fees and costs in the amount of $69,641.

## BACKGROUND

The court incorporates the Report and Recommendation of Special Master (Ct. Dkt. 70) and the Order Adopting Report and Recommendation ("Order") as if fully set forth herein. (Ct. Dkt. 88). The Order established a common attorney's fees award in the amount of $1.54 million ("Fee Award"). The Objectors each claim that their efforts provided a benefit to the class and therefore they are

1  entitled to an award of attorney's fees and costs.

2  In the Order, the court required Plaintiffs to provide direct mail notice to those potential class members for whom Level One or BRE possessed physical mail addresses. In the end, 9,583 packets containing the Notice of Settlement and Proof of Claim were mailed to this group. In response to the mailed notice, 462 claims were received and about 345 of those claims were valid. The total number of class members is about 1,668 (1,323 claims were received in response to the earlier notice provided to class members).

8  On April 13, 2012, final judgment was entered in this case. (Ct. Dkt. 109). The only remaining issue in this case concerns Objectors' motions for attorney's fees.

## DISCUSSION

It is well-established that Objectors are entitled to attorney's fees only in the event they show either they (1) conferred some benefit on the class or (2) substantially improved the settlement under consideration. See Uselton v. Commercial Lovelace, Inc., 9 F.3d 849, 855 (10th Cir. 1993); City of Detroit v. Grinnell Corp., 560 F.2d 1093, 1098 (2d Cir. 1977).

In determining the amount of fees awarded to objectors' counsel who obtained a benefit to the class, the court considers the relationship between the fee award and the degree of success and, in its discretion, may reduce or increase the fee award. See McGinnis v. Kentucky Fried Chicken of California, 51 F.3d 805, 810 (9th Cir. 1994). Attorney's fees and costs are awarded to objectors whose efforts "substantially benefit the class members." In re Prudential Ins. Cl. Of Am. Sales Practices Litig., 273 F.Supp2d 563, 565 (D.N.J. 2003); Rodriguez v. West Publg. Corp., 565 F.3d 948 (9th Cir. 2009). The substantial benefit must "increase the fund or otherwise substantially benefit the class members." Vizcaino v. Microsoft Corp., 290 F.3d 1043, 1052 (9th Cir. 2002).

Graber's Motion for Attorney's Fees

The threshold issue is whether Graber obtained any substantial benefit to the class. Graber contends that she objected to "the contents of the notice, the defects in the dedicated website, the inadequate notice procedure, and the failure to disseminate mail notice to 32,000 known addresses." (Motion at p.2:11-12). The court concludes that Graber did not obtain a substantial benefit for the class and therefore denies her attorney's fees from the Fee Award.

1    The overwhelming thrust of Graber's objections focused on the contents of the notice, defects in the website and inadequate notice procedures. (Ct. Dkt. 72). These arguments provided no benefit to the class. In the Order, the court concluded that notice of settlement provided to class members must be the "best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." Fed.R.Civ.P. 23(c)(2)(B); Eisen v. Carlisle & Jacquelin, 417 U.S. 156, 165 (1974). The court therefore concluded that individuals for whom Defendants possessed addresses were reasonably entitled to mail notice, especially where the parties represented in open court that such notice would cost less than $2 per class member (ultimately mail service was provided to 9,583 potential class members).

    Graber also argues that benefit to the class was provided because "Objectors challenged Class Counsel's decision to not mail notices to the 32,000 class members for whom Level One possessed mailing addresses." (Motion at p.4:21-22). Notably, Graber does not provide any support for this conclusory statement. The court has reviewed the original 14-page Objections filed by Graber and notes that less than one page is dedicated to the topic of constitutional notice and only one sentence refers to mail notice: "With respect to Class Members no longer residing in the Rental Properties, class counsel could, at least, have made a good faith effort to notify former residents by mailing notices to the forwarding addresses which were provided when the residents vacated the premises." (Ct. Dkt 72 at p.13:23-27). While Graber noted general due process notice requirements, citing Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 313 (1950), she did not cite either Fed.R.Civ.P. 23(c)(2)(B) or Eisen, 417 U.S. 156, 173 to adequately inform the court of the nature of her argument.

    Graber's notice argument was simply inadequate to raise the legal issue that individual mailed notice was required, not merely discretionary, under the circumstances. Graber did not cite pertinent legal authorities to sufficiently alert the court of the mail notice requirements. In Eisen the Supreme Court held that "[i]ndividual notice must be sent to all class members whose names and addresses may be ascertained through reasonable effort." Eisen, 417 U.S. at 173. Similarly, the Advisory Committee's Note to Rule 23 indicates that notice "shall include individual notice to the members who can be identified through reasonable efforts." As binding authorities require individual notice to known addresses of class members - an argument not raised by Graber - the court finds that Graber

1  did not provide a substantial benefit to the class.

2      In sum, the court denies Graber's motion for an award of attorney's fees from the Fee Award. The court notes that any attorney-client fee agreement provides the only means for counsel to be compensated.

Kreidler's Motion for Attorney's Fees

    Unlike Graber, the court finds that Kreidler provided a substantial benefit to the class. Kreidler argued that <u>Eisen</u> and Fed.R. 23 specifically require individual notice to class members with known addresses. (Ct. Dkt. 73at pp:5:25 - 6:4; p.8:1-22). The individually mailed notice resulted in the inclusion of 345 additional class members. While the amount of settlement was not increased by Kreidler's activities, the inclusion of the additional class members is a substantial benefit to those class members and furthers the inclusive goals of class actions. See <u>Crown, Cork & Seal Co. v. Parker</u>, 462 U.S. 345, 349 (1983).

    Kreidler also argues that she benefitted the class by obtaining (1) the equal treatment of California residents; (2) a continuance of the final approval hearing until after the claims filing deadline to permit the court to consider a fully developed record at the time of the hearing; (3) the elimination of a possible reversion to Defendants; and (4) a reduction in class counsel's fee. (Motion at pp.4:1-6:16). The overall benefit to the class of these asserted benefits, while positive, is not substantial and would not, standing alone, support an award of attorney's fees. The only other issue concerns the amount of reasonable attorney's fees and costs.

    Kreidler, as the party seeking the award, "bears the burden of documenting the appropriate hours expended in the litigation and must provide support for those hours worked." <u>Gates v. Deukmejian</u>, 987 F.2d 1392, 1397 (9th Cir. 1992). Counsel for Kreidler, Kiesel Boucher Larson LLP ("KBL"), seek to be compensated for 713.4 hours of attorney work at an average hourly rate of $641.92 for a lodestar amount of $458,294.25. (Kiesel Decl.). KBL also seek a multiplier of 2.33 for a total of $1,067,826.30. <u>Id.</u> The court concludes that KBL fails to demonstrate the reasonableness of this approach. First, KBL fails to provide the court with any evidentiary detail concerning the reasonableness of the hours claimed. The Kiesel declaration appears to seek compensation for the substantial time dedicated by KBL to investigate and prosecute the <u>Luminita Roman</u> case filed in the

Central District of California.  Without some evidence supporting the claimed hours, the court is unable to reasonably pursue the lodestar approach.  Second, Kiesel fails to support its hourly rate.  Kiesel makes no showing that the hourly rates for its partners ($700 to $890), senior associates ($625), and junior associates ($325 to $375) is representative in the community for reasonably comparable skill, experience, and reputation[1].  See Jordan v. Multnomah County, 815 F.2d 1258, 1263 (9th Cir. 1987).  As the court is unable to reliably ascertain the lodestar amount, the court declines to award Kiesel attorney's fees or costs under the lodestar approach.

The court finds, however, that a percentage of the award to the 345 new class members is appropriate and reasonable under the circumstances.  The value of the settlement to the 345 newly joined class members is $497,437.  (Reply at p.3:1-3).  Applying the percentage of the attorney's fees award to the value of the settlement (28%) yields attorney's fees in the amount of $139,282.  Of this amount the court concludes that class counsel and KBL should share equally in this award as both provided substantial benefit to these class members.  Accordingly, the court awards KBL reasonable attorney's fees and costs in the amount of $69,641.  This amount is to be paid from the Fee Award previously awarded as attorney's fees.

In sum, the court denies Graber's motion for attorney's fees, grants Kreidler's motion for attorney's fees, and awards Kreidler attorney's fees and costs in the total amount of $69,641.

**IT IS SO ORDERED.**

DATED: June 5, 2012

_____
Hon. Jeffrey T. Miller
United States District Judge

cc:     All parties

---

[1] The court notes that partners of class counsel maintain approved rates of $550-695, substantially less than those of KBL.